

**FILED**

3/24/2021

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| WILLIAM DALE MACLEOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  21-0523 (UNA) |
| | ) | |
| UNITED STATES CITIZENSHIP | ) | |
| AND IMMIGRATION SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |
|  | ) | |

**<u>MEMORANDUM OPINION</u>**

Plaintiff, who resides in Ontario Canada, has applied for United States citizenship.  *See* Compl. at 4 (page numbers designated by CM/ECF).  U.S. Customs and Immigration Services received two submissions from plaintiff, and rejected each because the forms had not been completed fully.  *See id.*; *see also id.*, Ex. (ECF No. 1-1 at 1, 3).  Plaintiff was told that he "would have to travel to the nearest field office for presentation at an Infopass appointment for the category and wait."  *Id.* at 3.  Instead, plaintiff has asked this Court to confer "the inalienable rights of a US Citizen or National . . . pursuant to § 289 . . . as a Native American/First Nations individual[.]"  *Id.*[1]

It appears that plaintiff is under the impression that a federal court may grant citizenship. He is mistaken.  "Our circuit has recognized that federal courts lack the power to confer citizenship."  *Tranter v. Sec'y of State*, No.  92-cv-1565, 1994 WL 289358, at *2 (D.D.C. May

---

[1]  Section 289 of the Immigration and Naturalization Act provides, "[n]othing in this subchapter shall be construed to affect the right of American Indians born in Canada to pass the borders of the United States, but such right shall extend only to persons who possess at least 50 per centum of blood of the American Indian race."  8 U.S.C. § 1359.

17, 1994); *see Muthana v. Pompeo*, 985 F.3d 893, 910 (D.C. Cir. 2021) ("Nor do the courts have an equitable power to grant citizenship."); *Immigration & Naturalization Serv. v. Pangilinan*, 486 U.S. 875, 885 (1988) (holding that district courts have no discretion to grant citizenship "in violation of the[ ] limitations [imposed by Congress]"); *see also Fedorenko v. United States*, 449 U.S. 490, 5066 (1981) (recognizing "that there must be strict compliance with all the congressionally imposed prerequisites to the acquisition of citizenship" and "that Congress alone has the constitutional authority to prescribe rules for naturalization").

The Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint and this civil action without prejudice.  An Order is issued separately.

/s/
AMIT P. MEHTA
United States District Judge

DATE: March 24, 2021